UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-1462 DOC (RNBx)                                                    Date: January 5, 2010

Title: CITRUS EL DORADO LLC v. STEARNS BANK et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kathy Peterson                                Not Present
Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                      NONE PRESENT

PROCEEDING (IN CHAMBERS):        GRANTING FDIC'S MOTION TO DISMISS

       Before the Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Federal Deposit Insurance Corporation ("FDIC") in the above-captioned case ("Motion") (Docket 47). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing and replying papers thereon, and for the reasons set forth below, the Court hereby GRANTS the Motion.

    **I.**    **BACKGROUND**

       According to the Third Amended Complaint ("TAC"), in October of 2007, Plaintiff entered into a construction loan agreement with First Heritage Bank ("FHB") to finance the construction of twenty-nine homes in La Quinta, California. In 2008, FHB failed. At the direction of the FDIC, the loan was assumed by First National Bank of Nevada. FHB promised to continue funding of the loan; however, it too failed. The loan agreement was then transferred to the FDIC, acting as receiver, who subsequently transferred the loan to Stearns Bank.

       As a result of various alleged problems with the loan process, Plaintiff brought suit against several entities, including the FDIC. The Court previously granted two motions to dismiss filed by the FDIC for lack of subject matter jurisdiction, finding that Plaintiff had failed to allege compliance with the FDIC's administrative claims process. *See* Order Granting Federal Deposit Insurance

Corporation's Motion to Dismiss , March 12, 2010 ("March 12 Order") (Docket 16); Order Granting Federal Deposit Insurance Corporation's Motion to Dismiss, June 16, 2010 ("June 16 Order") (Docket 41).

In the TAC, Plaintiff attempts to rectify this jurisdictional deficiency by alleging that, following the Court's June 16 Order dismissing the FDIC as a defendant, Plaintiff filed an administrative claim with the FDIC that was rejected as time-barred.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the Court lacks subject matter jurisdiction to adjudicate the claims.  Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Accordingly, the Court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  In resolving an attack based on jurisdiction, the Court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## III.   DISCUSSION

The Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. Section 1821(d) (2008) ("FIRREA") provides that  "[e]xcept as otherwise provided . . ., no court shall have jurisdiction over (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or (ii) any claim relating to any act or omission of such institution of the [FDIC] as receiver."  12 U.S.C. § 1821(d). FIRREA governs, inter alia, the administrative claims process involving failed institutions seized by the federal government and put into receivership by the FDIC. *Id.*  It is well accepted that a federal court does not obtain subject matter jurisdiction over a claim until the claimant exhausts the administrative claims process under FIRREA. *See McCarthy v. FDIC*, 348 F.3d 1075, 1075 (9th Cir. 2003); *In re Parker North American Corp.*, 24 F.3d 1145, 1145 (9th Cir. 1994).  In other words, this Court has jurisdiction to hear Plaintiffs' claims only to the extent that they were presented to the FDIC through timely administrative claims, and only to the extent the FDIC either disallowed the claims or failed to rule on them within 180 days.  See 12 U.S.C. § 1821(d)(3)-(6); *Branch v. FDIC*, 833 F. Supp. 56, 59 (D. Mass. 1993).

Plaintiff argues that the filing of an untimely claim with the FDIC, following the Court's previous orders dismissing the FDIC from this case, establishes compliance with the administrative exhaustion requirement.  Plaintiff is wrong.  Plaintiffs' view of the law would allow claimants to avoid

the FDIC's administrative procedure simply by letting the applicable statute of limitations run before filing suit in court. That is not what FIRREA contemplates.

Plaintiff's other argument that it should be exempt from the administrative exhaustion requirement because (1) it entered into an agreement with the FDIC that the FDIC allegedly breached and (2) because the FDIC allegedly failed to notify Plaintiff of the claims process regurgitates points asserted in opposition to the FDIC's previous motions to dismiss – arguments that the Court squarely rejected. *See* June 16 Order at 4-5. The Court stands by its previous conclusions.

Plaintiff has not alleged compliance with FIRREA's administrative claims requirement. The Court thus lacks jurisdiction to entertain Plaintiff's suit against the FDIC. All claims against this Defendant must be DISMISSED WITH PREJUDICE.[1]

## IV. DISPOSITION

Defendant FDIC's Motion to Dismiss is GRANTED. Plaintiff's claims against Defendant FDIC are DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.

---

[1] Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, the TAC admits that Plaintiffs' only attempt to exhaust the FDIC's administrative claims process was untimely. No further amendments will rectify this fatal jurisdictional deficiency.